UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JOHN ROSARIO, LUCAS CARRERA, and
MARIO ALVAREZ, *on behalf of*
*themselves, FLSA Collective Plaintiffs, and*
*the Class*,

          Plaintiffs,

        -against-

EMZ SOLUTIONS LLC, ARNOLD ROTH,
YAAKOV ROTH, and EDWARD
FORKASH,

          Defendants.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-3297 (RPK) (CLP)

RACHEL P. KOVNER, United States District Judge:

Plaintiffs John Rosario, Lucas Carrera, and Mario Alvarez brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") § 190 *et seq.* and § 650 *et seq.*, on behalf of themselves and other similarly situated employees. *See* Am. Compl. ¶ 1. (Dkt. #8). They named as defendants EMZ Solutions LLC, Arnold Roth, Yaakov Roth, and Edward Forkash. *See ibid.* Plaintiffs alleged that they were employed by defendants as construction workers, *see id.* ¶ 8, and that they were underpaid, *see id.* ¶ 37; defendants had a time-shaving policy where they rounded down hours to the nearest half hour and then paid employees only for rounded hours rather than actual hours worked, *see ibid.*

Plaintiffs sought a declaratory judgment; an order enjoining these unlawful practices; an award of unpaid overtime compensation; an award of unpaid wages; an award of liquidated and punitive damages; prejudgment and post-judgment interest; costs; and fees. *See id.* at 16-17. Plaintiffs also sought relief as a class action, *see* Fed. R. Civ. P. 23, and as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt construction workers

employed by defendants within the last six years.  *See id.* ¶¶ 16-26.  They sought to have the action designated as a class action and the named plaintiffs designated as representatives.  *See id.* at 17.

The parties requested that the action be referred to mediation.  *See* Pls.' Letter (Dec. 26, 2018) (Dkt. #27).  That request was granted.  Dkt. Entry (Dec. 27, 2018).  There, the parties reached a settlement.  *See* Pls.' Letter (Mar. 7, 2019) (Dkt. #29).  Under the settlement, plaintiffs and class members who did not opt out would release their claims.  *See* Pls.' Mem. at 3 (May 29, 2019) (Dkt. #34).  In return, defendants would provide $200,000 for about 100 construction workers.  *See ibid.*  The three named plaintiffs would each receive $10,000 in service awards.  *See id.* at 5.  Plaintiffs' counsel would receive $66,666 in attorneys' fees, plus costs and expenses.  *See ibid*

Soon after, the parties moved for preliminary approval of their proposed class settlement.  *See* Notice of Mot. (May 29, 2019) (Dkt. #33).  Upon referral, Chief Magistrate Judge Cheryl Pollak recommended that the motion be denied.  *See* Report & Recommendation ("R. &. R.") at 1-2 (Nov. 14, 2019) (Dkt. #38).  Judge Pollak concluded that the parties had satisfied the prerequisites for conditionally certifying a class under Fed. R. Civ. P. 23.  *See id.* at 12.  And Judge Pollak concluded that the parties had satisfied the prerequisites for conditionally certifying a collective action under Section 16(b) of the FLSA.  *See id.* at 14.  Judge Pollak also found probable cause to think the proposed settlement procedurally fair.  *See id.* at 18.  But Judge Pollak concluded that the parties had not provided the Court with the information necessary to evaluate the substantive fairness of the proposed settlement.  *See id.* at 33.  Judge Frederic Block, to whom this case was then assigned, adopted Judge Pollak's recommendation and denied the motion for preliminary approval.  *See* Dkt. Entry (Dec. 20, 2019).

The parties filed a supplemental letter further detailing the basis for the settlement.  *See* Pls.' Letter (Jan. 9, 2020) (Dkt. #40).  They also modified the settlement to address Judge

Pollak's concerns.  *See id.* at 8.  The parties then filed a second motion for preliminary approval of the proposed settlement.  *See* Notice of Mot. (Mar. 27, 2020) (Dkt. #43).  That motion was referred to Judge Pollak for another report and recommendation.  *See* Dkt. Entry (Mar. 30, 2020).

Judge Pollak recommends that the second motion for preliminary approval be granted. *See* R. & R. at 2 (Aug. 7, 2020) (Dkt. #46).  Judge Pollak again concludes that the parties have satisfied the prerequisites for conditional certification under Fed R. Civ. P. 23 and Section 16(b) of the FLSA, *see id.* at 7, and that the revised settlement is procedurally fair, *see id.* at 11.  This time, Judge Pollak also finds that the revised settlement is substantively fair.  *See id.* at 21.  She concludes that several factors counsel in favor of settlement rather than litigation, *see id.* at 11; that $200,000 is a reasonable sum given the range of recovery, *see id.* at 14; that a service award of $10,000 to each named plaintiff is reasonable, *see id.* at 16; that a $20,000 administrator's fee is reasonable, *see ibid*; that $66,666 in attorney's fees is reasonable, *see id.* at 18; and that the proposed mechanism for providing notice to potential members be approved, *see id.* at 21.

When no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most, for "clear error."  *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019).  Clear error will only be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed."  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).  I have reviewed Judge Pollak's report and recommendation and, having found no clear error, adopt it in full.

The parties' motion for preliminary approval of the revised settlement agreement is granted.

     SO ORDERED.

                             */s/  Rachel Kovner*
                             RACHEL P. KOVNER
                             United States District Judge

Dated:         December 31, 2020
                Brooklyn, New York